# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Devon Greenfield (#2016-0322108), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 2508 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Tom Dart, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at the Cook County Jail to deduct $17.27 from Plaintiff's account for payment to the Clerk as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order electronically to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. Summons, however, shall not issue at this time as the Court dismisses Plaintiff's complaint [1]. Plaintiff is granted until May 25, 2018, to submit (1) an amended complaint as detailed in this order and (2) a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. If Plaintiff fails to comply, the Court will dismiss the case for failure to state a claim. Plaintiff's request for attorney representation, which appears in the prayer for relief section of his complaint, is denied without prejudice. The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions, a blank USM-285 form, and a copy of this order.

## STATEMENT

Plaintiff Devon Greenfield, a detainee in custody at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that correctional staff at the Jail failed to protect him from an attack by other detainees. Before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his request for attorney representation.

*Application for Leave to Proceed In Forma Pauperis*

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1)-(2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $17.27 to the Clerk for payment of the initial partial filing fee; and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be

sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

*Initial Review of Plaintiff's Complaint*

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that on September 17, 2017, he told a John Doe officer that he "couldn't stay on the deck because [his] life was in danger due to the fact [that] a brawl broke out amongst other inmates just minutes before." (Dkt. 1, pg. 5.) Later that day, the officer refused to move Plaintiff, explaining that "he had too much paperwork to do from that incident." (*Id.*) The following day, Plaintiff's housing unit had "modified hours to where only 4 cells come out at a time." (*Id.*) When Plaintiff's group was released from their cells, Plaintiff approached Officer Lewis and stated, "[M]y life [is] in danger due to the incident that happened the day before." (*Id.*) Officer Lewis told Plaintiff "he'd call the Sergeant to see what he could do." (*Id.*, pgs. 5-6.) Plaintiff then walked to the "institutional phone" and placed a call. (*Id.*, pg. 5.) While he was using the phone, another detainee "struck [him] from the blind side" and dragged him "to the blind spot of the deck," where a group of detainees assaulted Plaintiff until he lost consciousness. (*Id.*) "According to the Office of Professional Review," Plaintiff was attacked for "at least 15 minutes straight off camera without Cook County Officials interfering." (*Id.*)

When Plaintiff regained consciousness, he was hospitalized. (*Id.*) He was diagnosed with—among other things—palatal, maxillary sinus, and chin fractures, and alleges that as a result of the incident, he is experiencing ongoing symptoms such as vision disturbances, dizziness, and "brain freezes" that cause memory lapses. (*Id.*, pg. 6.) This suit against the two officers Plaintiff spoke with (a John Doe officer and Officer Lewis), two John Doe sergeants (presumably the John Doe officer's supervising sergeant and the other sergeant that Officer Lewis represented he would call), and Sheriff Dart followed. In his prayer for relief, Plaintiff asks the Court to recruit counsel

and "order the Cook County Department of Corrections to do a better job at preventing inmates from getting attacked when they have knowledge of the situation." (*Id*., pg. 7.)

Because Plaintiff is a pretrial detainee, his failure to protect claim arises under the substantive component of the Fourteenth Amendment's Due Process Clause. *See Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005). "Jail officials have a duty to protect inmates from violent assaults by other inmates."[1] *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1988)) Correctional officials can be held liable for a breach of the duty to protect only "when they were 'aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Id*. (quoting *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007).

To meet this standard, Plaintiff must allege facts suggesting that he was "incarcerated under conditions posing a substantial risk of serious harm." *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012). For the purposes of screening, the Court will assume that the alleged attack satisfies this element. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citing *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005)); *see also Birdo v. Gomez*, No. 13-CV-6864, 2016 WL 4011227, at *10-11 (N.D. Ill. July 27, 2016) (collecting cases holding that inmate-on-inmate assaults satisfy the objective element).

In addition, Plaintiff must allege facts that support an inference that a correctional official "had actual, and not merely constructive, knowledge of the risk . . . specifically, [the official] 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Gevas*, 798 F.3d at 480 (quoting *Farmer*, 511 U.S. at 837). "Complaints that convey only a generalized, vague or stale concern about one's safety typically will not support an inference that the official had actual knowledge that the prisoner was in danger," while "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Id*. at 480-81. Actual knowledge may also be shown if "a prison official knew of a substantial risk from the very fact that the risk was obvious," *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001), or was aware of certain characteristics of the victim that create a specific heightened risk, *Baird v. Hodge*, 605 F. App'x 568, 571 (7th Cir. 2015).

However, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown*, 398 F.3d at 913. Jails, "after all, are dangerous places often full of people who have demonstrated aggression" so a constitutional violation does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston*, 548 F.3d 563,

---

[1] The Seventh Circuit has not revised the standard governing failure to protect claims in the wake of *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2105), which applied an objective reasonableness standard to a pretrial detainee's claim of excessive force by correctional officers. *See Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017) (declining to address whether the reasoning in *Kinglsey* extends beyond claims of excessive force).

569 (7th Cir. 2008). Thus, negligence—even gross negligence—is insufficient. *Quarles v. Sevier*, No. 3:13-CV-843, 2016 WL 1244026, at *3 (N.D. Ind. Mar. 30, 2016) (citing *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006)). Instead, the official must act "with the equivalent of criminal recklessness." *Borello*, 446 F.3d at 747 (citing *Farmer*, 511 U.S. at 836-37). "Each case must be examined individually, with particular focus on what the officer knew and how he responded." *Dale*, 548 F.3d at 570.

Plaintiff's complaint suffers from multiple defects. First, the basis for naming the John Doe officer's supervising sergeant and Sheriff Dart is unclear given that the complaint contains no substantive allegations about these Defendants. For this reason, Plaintiff's complaint fails to state a colorable claim against the John Doe officer's supervising sergeant and Sheriff Dart. *See* Fed. R. Civ. P. 8(a)(2); *Cruz v. Dart*, No. 11 C 00630, 2012 WL 5512275, at *4 (N.D. Ill. Nov. 13, 2012) (dismissing individual capacity claims when the complaint's substantive factual allegations did not refer to the defendants "by name or general title (*i.e.*, 'unknown physician' or the like), nor are there any allegations concerning acts or omissions by these individuals").

Second, Plaintiff briefly mentions that Officer Lewis said he would call a John Doe sergeant "to see what he could do" but this, too, is insufficient as to the John Doe sergeant because it is unacceptably vague. A complaint must "connect the [alleged] violation to the named defendants." *Christensen v. Cnty. of Boone, IL*, 483 F.3d 454, 459 (7th Cir. 2007). It must also provide enough basic information to give a Defendant receive fair notice of the Plaintiff's claims and the grounds upon which they rest. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). If Plaintiff wants to attempt to proceed against the second John Doe sergeant, he must describe what this individual did or did not do; merely referring to Officer Lewis' expressed intent to call the John Doe sergeant is insufficient.

Third, § 1983 creates a cause of action based on personal liability and predicated on fault so to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Moreover, there is no *respondeat superior* (*i.e.*, supervisory) liability under § 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Instead, supervisors can be held responsible for the constitutional violations of their subordinates only if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). To the extent that Plaintiff named the sergeants and Sheriff Dart based solely on their supervisory roles at the Jail, he may not proceed. And to the extent that Plaintiff named Sheriff Dart in an effort to hold him liable for the existence of a "blind spot" in Plaintiff's housing unit, a conclusory allegation that a blind spot where an attack is possible exists is not actionable. *See Lee v. Link*, No. CV 17-2528, 2018 WL 1156154, at *3 (E.D. Pa. Mar. 5, 2018) (citing *Mitchell v. New York*, No. 14-934, 2015 WL 13019618, at *3 (N.D.N.Y. Mar. 11, 2015)).

Fourth, and most importantly, Plaintiff alleges that he twice voiced a general concern about his safety because of a prior "brawl [that had broken] out amongst other inmates." This is insufficient to suggest that either the John Doe correctional officer or Officer Lewis knew about a

4

specific imminent threat to Plaintiff or that they had any reason to suspect that Plaintiff was particularly at risk should further violence ensue, especially since he had no involvement in the prior fight. *See Gevas*, 798 F.3d at 480 (an inmate's generalized concern about safety does not show that a defendant correctional officer was aware of a specific and imminent threat); *Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (statements "I was scared," "I need to be removed" and "I needed off the block" insufficient to give notice of particularized threat); *Contreras v. Purtell*, No. CIV.A. 06 C 2156, 2007 WL 4246859, at *2 (N.D. Ill. Nov. 28, 2007) (rejecting failure to protect claim brought by Cook County Jail detainee who was stabbed in a dayroom while using the telephone because detainee's statement "that an unknown person [had] threatened to hurt him through the cell door" did not show that the defendant officer was deliberately indifferent). If Plaintiff chooses to file an amended complaint, he will need to allege the specific facts that show that his fear was not merely a generalized fear of the outbreak of a brawl but that he was personally in fear of a specific individual or individuals and that he provided that information to the correctional officer. Correctional officers must be given an opportunity to act on specific information. It is only with that specific information that they can act. As such, this allegation as it stands is insufficient to state a claim.

Moreover, Plaintiff's description of the incident does not permit an inference that Officer Lewis had the requisite mental state during the attack itself. After all, Plaintiff alleges that another detainee struck him from "the blind side" and that multiple detainees then dragged him into "the blind spot of the deck," purposely concealing the attack from view. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (rejecting inmate's failure to protect claim premised on his belief that the defendant correctional officials "should have known what was going on"). In addition, Plaintiff's allegations suggest that he himself was surprised when the detainee sprang out of "the blind side" and initiated the attack. A plaintiff cannot show that a defendant officer was on notice of a substantial risk of harm by pointing to a surprise attack. *See Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007) (affirming grant of summary judgment in favor of defendants when plaintiff did not interact with his assailant prior to an attack or advise defendants that the eventual assailant "might be a specific danger to him").

In sum, while the chain of events described by Plaintiff is unfortunate and regrettable, he has not stated a cognizable Fourteenth Amendment failure to protect claim. Accordingly, the Court dismisses Plaintiff's complaint without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a federal claim against proper defendants. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must also provide a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint; he need not submit a service form for any Doe Defendants. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in

its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files.

The dismissal of Plaintiff's federal failure to protect claim is without prejudice to Plaintiff's ability to pursue any related state law claim in the proper forum. In other words, the Court finds that Plaintiff's current allegations do not state an actionable claim based on the Fourteenth Amendment, but this ruling does not prevent him from attempting to pursue a possible claim based on Illinois law by initiating a state court lawsuit. The Court offers no opinion as to whether Plaintiff should do so or the merits of any potential claim he may have.

Plaintiff must promptly submit a change-of address notification if he is transferred to another facility. Failure to do so may lead to dismissal of this action for want of prosecution. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions, along with a copy of this order and a blank USM-285 service form. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a federal claim.

*Motion for Attorney Representation*

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). "[A] district court faced with a request for counsel must ask two questions: '(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)); *see also Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) (holding that "before a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself").

The Court declines to recruit counsel at this time as Plaintiff has not provided any information about any efforts to locate his own counsel. He should seek pro bono (free of charge) legal assistance by writing attorneys, law firms, or organizations and describing his claims. Should he renew his motion at a later date, he must identify the attorneys or organizations he contacted and summarize the responses he received. In any event, it is too soon to tell if recruiting an attorney would be appropriate as Plaintiff must decide how he wishes to proceed in light of the guidance provided in this order. In addition, this case does not appear to be factually complex, Plaintiff was personally involved in the challenged events (which occurred at his current place of detention) and thus is aware of relevant information, and Plaintiff has demonstrated that he is able to prepare a coherent pleading summarizing the events underlying his claims. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice.

Date:   May 4, 2018                         /s/Virginia M. Kendall
                                            United States District Judge