IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVON MONEI GREENFIELD, | |
| Plaintiff, | 18-CV-02508 |
| v. | Honorable Virginia M. Kendall |
| CORRECTIONAL OFFICER GASIENICA and CORRECTIONAL OFFICER LEWIS, | JURY DEMANDED |
| Defendants. | |

## SECOND AMENDED COMPLAINT

Plaintiff Devon Monei Greenfield (hereafter, "Plaintiff"), by counsel KENNEDY WATKINS LLC, alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the rights of Plaintiff secured by the United States Constitution.

2. On September 18, 2017, Plaintiff was brutally attacked by inmates while in custody at the Cook County Department of Corrections (hereafter "CCDOC"). Defendants knew that Plaintiff's life had been threatened several times, and they knew that they needed to take measures to protect Plaintiff or he would be seriously injured. On September 17, 2017, and on September 18, 2018, Plaintiff reported multiple times to Defendants that he was being threatened by

four inmates on the same tier. Plaintiff was very specific as to who the inmates were, why they wanted to harm him, what cells they were in and what their physical descriptions were. Instead of heeding Plaintiff's warnings that his life was in danger and taking measures to protect Plaintiff from the four inmates, the defendants failed to do anything to protect Plaintiff from the inmates who were threatening him. The brutal attack on Plaintiff was due to the Defendants' deliberate indifference to the safety of Plaintiff, and the attack would have easily been avoided if Defendants had arranged for Plaintiff to be moved off of the tier and placed in a place of safety away from the four inmates.

## PARTIES

3. Plaintiff is currently an inmate of Stateville Correctional Center. At all times relevant to this lawsuit, Plaintiff was a detainee of the CCDOC.

4. Defendant, Correctional Officer Gasienica (hereafter "Gasienica"), is a Correctional Officer for the CCDOC. At all times relevant to this lawsuit, Gasienica was an agent of the Cook County Sheriff's Department, was acting within the scope of his agency and under color of law. Gasienica is sued in his individual capacity.

5. Defendant, Correctional Officer Lewis (hereafter "Lewis"), is a Correctional Officer for the CCDOC. At all times relevant to this lawsuit, Lewis was an agent of the Cook County Sheriff's Department, was acting within the scope of his agency and under color of law. Lewis is sued in his individual capacity.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper under 28 U.S.C. § 1391(b) because both defendants reside in this judicial district and are residents of Illinois. Additionally, the events giving rise to this claim occurred within this judicial district.

## FACTS AND CLAIM FOR RELIEF

8. On September 17, 2017, Plaintiff was and inmate at the CCDOC. Plaintiff was being housed in Division 10, Deck 3A of the CCDOC.

9. On that day, a brawl broke out where Plaintiff was housed, and in the aftermath of the brawl, four inmates threatened to beat and stab Plaintiff if he did not leave the tier.

10. Prior to this brawl, the four inmates who threatened Plaintiff believed that Plaintiff and 2 other inmates had given information to Internal Affairs about which inmates had knives and which inmates were bringing drugs into the jail.

11. Gasienica was the deck officer for Deck 3A that day. Gasienica was responsible for monitoring inmates on the deck and ensuring the safety of all inmates.

12. After being threatened, Plaintiff approached Gasienica and told Gasienica that he could no longer stay on the tier because his life was in danger. Plaintiff explained that a brawl had previously broke out on the tier because four specific inmates believed that Plaintiff and 2 other inmates had given information

to Internal Affairs about who had knives and who was bringing drugs into the jail. Plaintiff then explained that the four specific inmates who believed that Plaintiff had related information to Internal Affairs threatened Plaintiff's life by telling him that they would jump him and stab him if he did not leave the tier.

Plaintiff then gave Gasienica the names of the four inmates who threatened him, the cells they were housed in, and a physical description of each. Plaintiff then asked to be placed in protective custody or moved elsewhere in CCDOC because he feared for his life.

13. Instead of taking measures to protect Plaintiff from the four inmates who threatened Plaintiff, Gasienica told Plaintiff that he had too much paperwork to do as a result of the previous brawl and, if he alerted his supervisors, he would be doing paperwork all night long.

14. On September 18, 2017, the housing unit that Plaintiff was housed in was placed on modified hours as a result of the brawl the previous day. During the modified hours that day, detainees of four cells at a time were allowed out of their cells into the dayroom for one hour. Plaintiff's cell was a part of the first group of four cells that were let out into the dayroom from 11:00 a.m. to 12:00 p.m.

15. When Plaintiff left out of his cell, he immediately walked up to Lewis and made him aware that his life was in danger because four inmates on the tier had threatened his life. Plaintiff gave Lewis the names of the four inmates who threatened him, the cells they were housed in, and a physical description of each. Plaintiff explained to Lewis that the brawl that had broken out the day before was

4

because the four specific inmates believed that Plaintiff and two other inmates had given information to Internal Affairs about who had knives and who was bringing drugs into the jail. Plaintiff then explained that this was the reason why the four specific inmates threatened to jump him and stab him up. Plaintiff then asked to be placed in protective custody or moved elsewhere in CCDOC.

16. Lewis wrote the names of the inmates down but did nothing more to protect Plaintiff from the inmates who threatened him.

17. Around noon on September 18, 2017, Plaintiff was again threatened by the four inmates who had threatened Plaintiff's life the prior day. Plaintiff immediately made Officer Lewis aware of the threat.

18. Again, Lewis did nothing after Plaintiff made him aware of the threats against him.

19. Around 1:45 p.m. on September 18, 2017, Plaintiff was let out of his cell to clean up the dayroom, make a phone call, and shower. Upon leaving his cell, Plaintiff noticed that two of the inmates who had threatened his life, earlier that day and on the previous day, were out of their cell.

20. Plaintiff immediately went to Defendant Lewis and made him aware that those were two of the inmates who had threatened him, that he didn't feel comfortable being out around them and that he would stay in the sight of Lewis just in case something happened. Plaintiff requested again to be moved to protective custody, or elsewhere in CCDOC.

21. Defendant Lewis responded by saying he would see what he could do. Yet, Lewis again did nothing. In fact, Lewis left the tier unattended with Plaintiff out of his cell along with two of the four inmates who had threatened Plaintiff.

22. Plaintiff made his phone call shortly after cleaning the dayroom. While on the phone, Lewis left the tier and Plaintiff was brutally attacked by the two inmates who were out of their cell along with Plaintiff.

23. From September 17, 2017, to September 18, 2017, when Plaintiff was attacked, Gasienica and Lewis were aware that Plaintiff had been threatened multiple times and that he was in danger of being seriously harmed, yet they both failed to take any measures to protect Plaintiff from the inmates who threatened him and subsequently brutally attacked him. Had either of the defendants not been deliberately indifferent to Plaintiff's pleas to them that he was being threatened, and either reported the threats to their supervisors or moved him off the tier to a place of safety, he would have been protected from the inmates who threatened him, and he would not have been brutally attacked.

24. As a result of the unjustified and unconstitutional conduct of each of the defendants, Plaintiff sustained serious physical injuries and experienced, and is still experiencing pain, suffering and serious emotional distress. Each of the defendants acted intentionally, with malice, willfulness and deliberate indifference to the rights of Plaintiff and violated Plaintiff's constitutional rights by willfully ignoring his pleas to them to be moved off of the tier because he was being threatened.

25. Defendants Gasienica and Lewis are each liable to Plaintiff pursuant to 42 U.S.C. § 1983 based on their deliberate indifference to Plaintiff's safety in that they knew he was the subject of credible threats of imminent serious physical harm, but failed to take any action from this foreseeable brutal attack.

26. Plaintiff hereby demands trial by jury.

Accordingly, plaintiff requests that appropriate compensatory and punitive damages be awarded against each of the defendants.

By: /s/ Daniel Watkins, II
**DANIEL WATKINS, II** (ARDC No. 6317127)
**JOHN K. KENNEDY** (ARDC No. 6309407)
KENNEDY WATKINS LLC
One North State Street, Suite 1500
Chicago, IL 60602
(312) 448-8181
info@kwlawchicago.com